VERA GARDNER, Ex'x of the Estate of Homer E. Gardner, Deceased, Plaintiff-Appellee, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant.—CHARLES GELSINGER, JR., Plaintiff-Appellee, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant.

Fifth District   Nos. 5—83—0799, 5—83—0800 cons.

Opinion filed April 15, 1985.

KASSERMAN, J., dissenting.

William E. McDaniels and Aubrey M. Daniel III, both of Williams & Connolly, of Washington, D.C., and Norman S. London, of London, Greenberg & Pleban, of St. Louis, Missouri (Seymour W. Croft and James R. Fruchterman, of counsel), for appellant.

Cook, Shevlin, Keefe & Chatham, Ltd., of Belleville (Bruce N. Cook, of counsel), for appellees.

JUSTICE WELCH delivered the opinion of the court:

Pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)), we granted defendant's petition for leave to appeal from two orders of the circuit court of St. Clair County denying defendant's motion to dismiss plaintiffs' complaints on the grounds of improper venue and *forum non conveniens*.

Since cases Nos. 5—83—0799 and 5—83—0800 were argued as one appeal and concern identical issues, we have determined that these cases should be consolidated for opinion.

Both actions in this consolidated appeal are for damages for personal injuries inflicted upon plaintiffs as a result of a fuel fire allegedly caused by a defective product manufactured by defendant, International Harvester Company. The alleged defective product is a gas tank cap, and the manner in which the injuries allegedly occurred is similar to that involved in our case of *Stambaugh v. International Harvester Co.* (1982), 106 Ill. App. 3d 1, 435 N.E.2d 729, *rev'd* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011.

■ Plaintiff first maintains that the Illinois Supreme Court's decision in *Stambaugh* is sufficiently distinguishable from the instant facts as not to require reversal; further, that plaintiffs have shown sufficient facts in addition to those present in *Stambaugh* that it appears defendant is indeed conducting its usual and customary business within St. Clair County.

Plaintiffs' injuries were not sustained in St. Clair County, and defendant does not have an office in St. Clair County. Therefore, in order for venue to be proper, defendant must be "doing business" in St. Clair County within the meaning of the venue statutes. (Ill. Rev. Stat. 1983, ch. 110, par. 2—101; *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 256, 464 N.E.2d 1011, 1013.) The defendant must be conducting its usual and customary business within the county in which venue is sought; it is not enough that the defendant make purchases or provide services incidental to its customary business. 102 Ill. 2d 250, 260, 464 N.E.2d 1011, 1015.

In *Stambaugh*, a close case on the question of venue (102 Ill. 2d 250, 263, 464 N.E.2d 1011, 1017 (Clark, J., dissenting)), the plaintiff advanced the following facts to show that the defendant was "doing business" in St. Clair County: Defendant sold $2.6 million of its products to St. Clair County dealers; defendant's representatives made visits to dealers in St. Clair County; defendant paid for half of the cost of any advertising by a dealer which contained the "IH" logo; and many of the dealers' purchases were financed by the International Harvester Credit Corporation (IHCC), defendant's wholly

owned subsidiary. Our supreme court observed that: The stated sales volume was but 5/100ths of 1% of defendant's annual sales volume; the dealers were entirely independent; sales by defendant were F.O.B. defendant's plants outside St. Clair County; and IHCC was a distinct corporate entity whose activities could not *per se* be imputed to defendant for purposes of venue.

Turning to the instant record, we glean the following from defendant's answers to venue interrogatories and from deposition testimony of defendant's St. Clair County dealers: Defendant's field representatives, who previously on visits to dealers provided "a wide range of assistance and service" (*Stambaugh v. International Harvester Co.* (1982), 106 Ill. App. 3d 1, 18, 435 N.E.2d 729, 742), now sell equipment to the dealers. Defendant operates a rebate program pursuant to which defendant mails the rebates directly to customers who have purchased equipment from St. Clair County dealers. St. Clair County dealers are obligated to perform warranty work on equipment sold by defendant, regardless of which dealer sold it. Defendant bills the dealers for and accepts money payable by the dealers to IHCC together with sums paid and payable to defendant. During 1979-1982 defendant made purchases totalling in excess of $3,000,000 from the Cerro-Marmon Corporation, Sterling Steel Castings Company, and two foundries, all in St. Clair County.

We conclude in light of the above facts, which were not present in *Stambaugh*, that our supreme court's decision in that case does not control the instant facts, unless we are to conclude that that decision stands for the proposition that this defendant can never be sued in St. Clair County. The more tenable proposition is that where a company is not shown to be "doing business" for venue purposes, either it may increase its activity so that it is "doing business" in the county in question, or facts which previously existed but were not previously shown to exist may warrant the conclusion that business is indeed being done.

■ Has such additional showing been made by these plaintiffs? We think the answer is yes. Defendant is now dealing directly with the ultimate users of its equipment in St. Clair County via the rebate program. Defendant's field representatives are selling equipment to St. Clair County dealers. Defendant is making substantial purchases from St. Clair County manufacturers. In light of defendant's warranty program, defendant's dealers are not so independent as was shown in *Stambaugh*. In light of defendant's pooled billing practices, the same can be said of IHCC. If *Stambaugh* was indeed a close case on the issue of venue, we believe that a sufficient additional showing

has been made as to defendant's activities in St. Clair County that the trial court's conclusions that defendant was not entitled to transfers of venue in the instant cases were not an abuse of discretion. We decline to disturb those findings.

■ We next consider defendant's argument that the trial court erred in refusing to dismiss plaintiffs' complaints on grounds of *forum non conveniens*. The alternative forums suggested by defendant in the cases at bar are both Illinois forums. In *Torres v. Walsh* (1983), 98 Ill. 2d 338, 353, 456 N.E.2d 601, 608, our supreme court held that since that case was the first pronouncement of that court allowing the intrastate application of the doctrine of *forum non conveniens*, that holding would be applied only to cases filed on or after September 16, 1983, the date *Torres* was originally filed. The instant complaints were both filed prior to that cutoff date. Accordingly, we have no cause to disturb the rulings of the trial court on this issue. We note, parenthetically, that while the trial court did not rely on this ground in denying the motions to dismiss, the order may be sustained upon any ground warranted by the record, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 456 N.E.2d 9, 12.

For the foregoing reasons, the orders of the circuit court of St. Clair County denying the motions to dismiss in the above captioned cases are affirmed.

Affirmed.

HARRISON, J., concurring.

JUSTICE KASSERMAN, dissenting:
I respectfully dissent.

Pursuant to Supreme Court Rules 306(a)(1)(ii) and (a)(1)(iv) (94 Ill. 2d Rules 306(1)(a)(ii), (a)(1)(iv)), this court granted defendant's petition for leave to appeal from two orders of the circuit court of St. Clair County denying defendant's motion to dismiss plaintiffs' complaints on the grounds of *forum non conveniens* and improper venue.

Both of the suits which are the basis of this consolidated appeal are for damages for personal injuries alleged to have arisen as a result of a fuel fire caused by a defective product manufactured by defendant, International Harvester Company. The alleged defective product is a gas tank cap, and the manner in which the injuries allegedly occurred are similar to those involved in our case of *Stambaugh*

*v. International Harvester Co.* (1982), 106 Ill. App. 3d 1, 435 N.E.2d 729, *rev'd* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011.

Defendant maintains that the Illinois Supreme Court's decision in *Stambaugh* is controlling on the venue issue; however, plaintiffs point to certain "additional facts" present in the cases at bar in an attempt to distinguish *Stambaugh*. Specifically, plaintiffs suggest that the following facts result in the *Stambaugh* decision's being inapplicable: (1) defendant sells its equipment in St. Clair County; (2) defendant offers rebates to customers; (3) dealers extend defendant's warranties to their customers; (4) defendant offers incentives to its dealers' employees; (5) defendant delivers and sells spare parts through its computer terminals in St. Clair County; and (6) payments made to defendant through International Harvester Credit Corporation (IHCC) are made directly to defendant.

It is my conclusion that the decision in *Stambaugh* requires reversal of the case at bar. The additional facts cited by plaintiff fail to dictate that this court depart from *Stambaugh*. The first five facts relied upon by plaintiffs are all incident to the sale of defendant's equipment in St. Clair County. Our supreme court was well aware of the sales transactions involving defendant's equipment when it decided *Stambaugh*, yet it held that venue was not proper in St. Clair County because "[i]t cannot be said that Harvester conducts its 'usual and customary business within the county.' " (102 Ill. 2d 250, 259, 464 N.E.2d 1011, 1014.) The other fact upon which plaintiffs rely concerns the activity of IHCC. Our supreme court has indicated that the activities of IHCC do not necessarily establish venue when an action is brought against defendant. In *Stambaugh*, the court noted that "Harvester and IHCC are separate corporate entities in different businesses, having distinct objectives." (102 Ill. 2d 250, 260, 464 N.E.2d 1011, 1015.) In view of the Illinois Supreme Court's decision in *Stambaugh*, I would reject plaintiffs' attempt to distinguish that case.

Furthermore, a reversal of the trial court on defendant's appeals under Supreme Court Rule 306(a)(1)(iv) would render unnecessary any decision on defendant's contentions on the issue of *forum non conveniens*.

For the foregoing reasons, I would reverse the decision of the trial court.